**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02220-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Robert J. Moss, et al., | |
| Defendants. | |

Pending before the Court are Defendants Jeffrey McHatton and Robert Sproat's Motions to Sever (Docs. 152, 154), Defendant Robert Moss's Motion to Preclude Statements (Doc. 193), Magistrate Judge Eric J. Markovich's Report and Recommendations ("R&Rs") recommending that this Court deny the Motions to Sever and partially deny the Motion to Preclude (Docs. 205, 218), and Defendant McHatton's Motion in Limine (Doc. 212).[1] For the following reasons, the Court will partially adopt and partially reject the R&Rs, and take the Motions under advisement pending the filing of a supplemental notice from the Government.

**I.   Background**

Defendants are charged by superseding indictment with ten counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. (Doc. 60 at 19-20.) Defendants Moss and McHatton are also charged with six counts of wire fraud in violation of 18 U.S.C. § 1343. (*Id.* at 20-24.) The charges arise from an alleged

---

[1] Also pending is the Government's Motion for Reconsideration (Doc. 221), which will be resolved separately.

fraudulent investment scheme involving an entity named the Fortitude Foundation ("TFF") and various business ventures. (*Id.* at 1-19.)

Defendants McHatton and Sproat filed Motions to Sever (Docs. 152, 154), and the Government responded in opposition (Doc. 159). Defendant McHatton argues that severance of his trial is required under *Bruton v United States*, 39 U.S. 123 (1968) and its progeny, because his rights under the Sixth Amendment's Confrontation Clause would be violated by introduction at a joint trial of incriminating testimony provided by Moss in a prior Arizona Corporation Commission ("ACC") administrative action. (Doc. 152 at 11-17.) McHatton further argues that severance is warranted due to a disparity of evidence. (*Id.* at 18-21.) Defendant Sproat argues that severance is warranted (1) under *Bruton* due to incriminating statements made by McHatton and Moss during FBI interviews, (2) due to a disparity of evidence, and (3) due to antagonistic defenses. (Doc. 154 at 2-9.)

In response, the Government argues that the public interest favors a joint trial and that a proper limiting instruction will be sufficient to cure any alleged prejudice based on the spillover effect of evidence admitted against co-defendants. (Doc. 159 at 3-6.) The Government urges the Court to reject Sproat's antagonistic-defense argument because "merely deflecting blame to other co-defendants is insufficient to justify severance." (*Id.* at 7-8.) Finally, the Government argues that *Bruton* does not require severance because any facially incriminating statements can be redacted to avoid references to co-defendants. (*Id.* at 8-10.)

To assist in the resolution of the Motions to Sever, Judge Markovich ordered the Government to identify any statements made by a co-defendant that the Government will seek to introduce in a joint trial, along with the Government's proposed redactions to those statements. (Doc. 166.) The Government filed a Supplemental Notice identifying testimony provided by Moss and McHatton at the previous ACC hearing, deposition testimony provided by Moss prior to the ACC hearing, and statements made by McHatton and Moss to FBI agents, along with proposed redactions. (Doc. 169; *see also* Doc. 169-1 to 169-3.)

Defendants McHatton, Sproat, and Moss all objected to the Government's Supplemental Notice. (Docs. 182, 188, 193.) McHatton argues in his objection that Moss's statements during the ACC investigation and trial directly and powerfully implicate him, even with the Government's proposed redactions. (Doc. 182.) Sproat similarly argues that, even with the Government's proposed redactions, a jury "will have no doubt" that Moss and McHatton's statements refer to Sproat. (Doc. 188.) Moss also argues that unredacted portions of the statements at issue facially and powerfully incriminate him, and in his objection—later re-filed, at Magistrate Judge Markovich's direction, as a Motion to Preclude—he requests preclusion or further redaction of McHatton's FBI interview. (Docs. 187, 193; *see also* Doc. 192.) In response to Defendants' objections, the Government argues that neither severance nor preclusion is an appropriate remedy for alleviating *Bruton* concerns, that empaneling a dual jury is the best procedure for alleviating the *Bruton* issues raised by McHatton, that redaction would also alleviate any *Bruton* concerns, and that the statements objected to by Defendants are not the type of powerfully incriminating statements that implicate *Bruton*. (Doc. 189.)

Magistrate Judge Markovich issued two R&Rs recommending denial of McHatton and Sproat's Motions to Sever (Doc. 205), and partial denial of Moss's Motion to Preclude (Doc. 218). McHatton, Sproat, and the Government filed Objections to the R&R on the Motions to Sever. (Docs. 213, 215, 216.) McHatton also filed a Motion in Limine seeking to preclude admission of Moss's ACC deposition and hearing testimony. (Doc. 212.)

## II.  Legal Standard

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). Failure to object to the findings

and recommendations of the magistrate judge "waives a party's right to review." Fed. R. Crim. P. 59(b)(2).

### III. Motions to Sever

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials promote "efficiency" and "fairness" and "generally serve the interests of justice by avoiding inconsistent verdicts and enabling a more accurate assessment of relative culpability." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Nevertheless, the Court may sever co-defendants' trials if it appears that a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Severance may be appropriate "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability," when co-defendants have "[m]utually antagonistic defenses," or when "evidence that the jury should not consider against a defendant . . . is admitted against a codefendant." *Zafiro*, 506 U.S. at 538-39. But "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

#### A. Antagonistic Defenses

The R&R on the Motions to Sever finds that severance is not warranted based on antagonistic defenses because "the proffered defenses are not so irreconcilable that the acceptance of one defendant's defense necessarily precludes the acquittal of another defendant." (Doc. 205 at 16-17.) Defendant Sproat objects, arguing that severance is warranted based on antagonistic defenses because the jury would be likely to find his co-defendants guilty if it finds him not guilty. (Doc. 215 at 4.) Even accepting as true Sproat's position that he and his co-defendants will likely attempt to exculpate themselves by inculpating one another, the Court agrees with the R&R that severance based on antagonistic defenses is not warranted. "Antagonism between defenses or the

desire of one defendant to exculpate himself by inculpating a codefendant . . . is insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *Id.* Defendants have not made such a showing here. The Court will adopt the portion of the R&R recommending denying severance based on antagonistic defenses.

### B.  Disparity in Evidence

The R&R on the Motions to Sever also finds that severance is not warranted based on an alleged disparity of evidence. (Doc. 205 at 17-19.) Sproat objects, arguing that the jury cannot be expected to compartmentalize the evidence against each defendant in this case. (Doc. 215 at 3-4.) Although the complexity of this case and the magnitude of the evidence that may be presented at trial could potentially make compartmentalization of the evidence against each Defendant challenging, Defendants have not shown that the jury will likely be incapable of the task. *See United States v. Ramirez*, 710 F.2d 535, 547 (9th Cir. 1983). Furthermore, Defendants have not demonstrated that a limiting instruction would be insufficient to ameliorate any prejudice based on spillover evidence. *See United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998). Accordingly, the Court does not find that severance is warranted solely based on a disparity of evidence or the spillover effect of evidence.

### C.  *Bruton* Concerns

Finally, the R&R on the Motions to Sever and the R&R on Moss's Motion to Preclude conclude that severance is not required under *Bruton* because the Government can introduce redacted versions of the proposed co-defendant statements at a joint trial without violating the Confrontation Clause. (Doc. 205 at 19-21, 46-49; Doc. 218.) In the R&Rs, Magistrate Judge Markovich reviews the redactions proposed by the Government, finding some appropriate and some unnecessary; he also proposes certain additional

redactions and rejects Defendants' challenges to other portions of the extrajudicial statements. (Doc. 205 at 21-49; Doc. 218 at 2-4.) Magistrate Judge Markovich expresses no opinion on whether dual juries should be empaneled to address *Bruton* concerns, leaving that issue for the district court to resolve. (Doc. 205 at 15 n.7.)

Defendants Sproat and McHatton, as well as the Government, object to the R&R's *Bruton* analysis. (Docs. 213, 215, 216.) Sproat and McHatton argue that the redactions proposed by the Government and Magistrate Judge Markovich are insufficient to address *Bruton* concerns. (Docs. 213, 215.) Sproat notes that McHatton and Moss blamed him at length throughout their extrajudicial statements and prior testimony; he also specifically challenges statements claiming that he was an officer, trustee, or director of TFF and that he signed one of the allegedly fraudulent investment notes. (Doc. 215 at 2-3.) McHatton argues that "the repeated references" in Moss's ACC testimony to TFF, "combined with the liberal use of [the] first[-]person plural pronoun 'we' . . . compels an inference" of McHatton's guilt that "would not be lost on any jury." (Doc. 213 at 3.) Sproat argues that severance is the only way to alleviate *Bruton* concerns (Doc. 215), and McHatton argues that severance or the empaneling of dual juries is required (Doc. 213).

The Government argues that empaneling dual juries—one for McHatton and one for Sproat and Moss—would alleviate the need for many of the redactions recommended by Magistrate Judge Markovich and would allow the Government to present a complete account of McHatton's role in Defendants' alleged fraud scheme. (Doc. 216 at 3-6.) In addition to objecting to the R&R's failure to rule on the dual-jury issue, the Government argues that certain redactions recommended by Magistrate Judge Markovich are unnecessary under *Bruton* and its progeny, whether or not dual juries are empaneled. (*Id.* at 4-5.) Finally, the Government asks the Court to accept Magistrate Judge Markovich's recommendations that certain redactions proposed by the Government are unnecessary. (*Id.* at 6-8.)

Under the Sixth Amendment's Confrontation Clause, a criminal defendant has the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI. The

admission of testimonial statements of non-testifying witnesses—including statements from prior testimony at a preliminary hearing or a former trial, as well as statements from police interrogations—violates the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. United States*, 541 U.S. 36, 59, 68 (2004). In a joint trial, the Confrontation Clause forbids the admission of a non-testifying co-defendant's out-of-court statements incriminating the defendant, even if the jury is instructed to consider the statements only as to the co-defendant. *See generally Bruton v. United States*, 391 U.S. 123 (1968). The prosecution may use such statements without violating the Confrontation Clause only if the co-defendants' trials are severed, separate juries are used, or the statements are properly redacted. *Gray v. Maryland*, 523 U.S. 185, 192 (1998); *Richardson*, 481 U.S. at 211.

When a co-defendant's statement has been redacted "to eliminate not only the defendant's name, but any reference to his or her existence" such that it is not "incriminating on its face," its admission, with a limiting instruction, does not violate the Confrontation Clause, even if the statement becomes incriminating "when linked with evidence introduced later at trial." *Richardson*, 481 U.S. at 208, 211. In contrast, when a statement that refers to and directly implicates a non-confessing defendant has been redacted to replace the defendant's name with an "obvious indication[] of alteration," its admission in a joint trial violates the Confrontation Clause. *Gray*, 523 U.S. at 192. In both scenarios, the statement is only inferentially incriminating, but in the latter scenario the inference is "more vivid" because the statement "obviously refer[s] directly to someone" and the jury can "immediately" infer that it refers to the defendant. *Id.* at 196 (internal quotation deleted). A jury can be expected to obey a limiting instruction when the inculpatory inference arises only in light of other trial evidence, but a jury will likely be incapable of obeying such an instruction when the statement involves an immediate inculpatory inference. *Richardson*, 481 U.S. at 208; *Gray*, 523 U.S. at 196.

The Supreme Court's decision in *Gray* makes clear that "the mere removal of a

codefendant's name from a statement that obviously refers to the defendant[] does not insulate the statement from *Bruton* scrutiny." *Mason v. Yarborough*, 447 F.3d 693, 695 (9th Cir. 2006) (citing *Gray*, 523 U.S. at 193-96); *see also Lucero v. Holland*, 902 F.3d 979, 988 (9th Cir. 2018) (*Bruton* rule prohibits admission of a co-defendant's statement "if the defendant is identifiable"). Furthermore, based on the Supreme Court's reasoning in *Gray*, even if a co-defendant's out-of-court statement does not directly name the defendant, it may nevertheless be inadmissible at a joint trial if it names corporations that the defendant controlled and thus "'obviously refer[s]'" to the defendant. *United States v. Schwartz*, 541 F.3d 1331, 1351-52 (11th Cir. 2008) (alteration added) (quoting *Gray*, 523 U.S. at 196).

The co-defendant statements at issue here are testimonial statements implicating the Confrontation Clause and *Bruton*. *See Crawford*, 541 U.S. at 59, 68 (prior testimony and police interrogations are testimonial statements); *see also Lucero*, 902 F.3d at 988 (holding, in light of *Crawford*, that *Bruton* rule applies only to testimonial out-of-court co-defendant statements). The confessing Defendants' right to remain silent would render them unavailable in a joint trial, and the Government has not shown that the non-confessing Defendants had a prior opportunity for cross-examination. *See Crawford*, 541 U.S. at 59. Accordingly, the Government may use the statements without violating Defendants' Confrontation Clause rights only if the statements are properly redacted, Defendants' trials are severed, or separate juries are used. In its discretion, the Court declines to empanel dual juries, given the significant operational and logistical challenges—and the attendant strain on court resources and staff—inherent in the use of dual juries. Accordingly, severance is required unless the co-defendant statements at issue can be properly redacted to eliminate *Bruton* concerns, or the Government elects not to introduce the statements at a joint trial.

The R&R finds that *Bruton* does not require redaction of co-defendant statements connecting McHatton and Sproat to each other, Moss, TFF, the investment programs, the funding of those programs, or dealings with investors, because such statements are not

facially inculpatory but, instead, become incriminating only when linked with other trial evidence. (Doc. 205 at 19-21, 46-49.) The Court respectfully disagrees. The unredacted portions of the statements that the Government seeks to introduce provide evidence against non-confessing Defendants in support of allegations contained in the Superseding Indictment, and they connect the non-confessing Defendants to the fraudulent scheme alleged in the indictment.[2] Unlike the redactions at issue in *Richardson*, here the proposed redactions do not even eliminate all references to the non-confessing Defendants' names, much less all references to their existence. *See* 481 U.S. at 211. Furthermore, the unredacted portions of the statements contain pronouns—such as the liberal use of the pronoun "we"—that in the context of this case give rise to an immediate inference that the statements refer to the non-confessing Defendants. *See Gray*, 523 U.S. at 196. Finally, the statements refer to actions taken by TFF—an entity that all three defendants are alleged to have controlled. *See Schwartz*, 541 F.3d at 1351-52; *see also United States v. Mayfield*, 189 F.3d 895, 902 (9th Cir. 1999) (holding that the introduction of a co-defendant's out-of-court confession violated the defendant's Confrontation Clause rights where "the impermissible inference" that the confession named the defendant "was unavoidable, if not on its face, then certainly in the context of the previously admitted evidence at trial").

The Court finds that, even with the redactions proposed by the Government and Magistrate Judge Markovich, introduction of the co-defendant statements in a joint trial would violate the non-confessing Defendants' Sixth Amendment right to confront the witnesses against them. Severance is warranted unless the Government foregoes use of the statements or is willing and able to further redact the statements to omit all references

---

[2] For example, in unredacted portions of his ACC deposition testimony, Moss stated that Sproat was the "visionary entrepreneur" of TFF and McHatton was a director and the "administrative specialist"; that TFF paid Moss's personal expenses; and that TFF did not have an office, employees, stationary, business cards, or "a lot of operational infrastructure." (Doc. 169-1 at 4-5.) These allegations give rise to the immediate inference that TFF was not a legitimate entity and that Sproat and McHatton were intimately involved in the entity's dealings. Moss also identified McHatton's and Sproat's signatures on documents, such as promissory notes, related to the fraudulent scheme alleged in the indictment. (*See, e.g.*, *id.* at 14-15.) These are but a handful of the many problematic statements that the Government is seeking to introduce in a joint trial.

to the non-confessing Defendants, to omit all references to TFF, and to change all uses of the pronoun "we" to "I." Accordingly, the Court will take the pending Motions to Sever and Motion to Preclude under advisement pending the filing of a further supplemental notice by the Government. In the supplemental notice, the Government shall propose further redactions to the statements at issue or notify the Court that it believes the required redactions are not feasible. If the Government believes the required redactions are not feasible, the Court will order severance unless the Government states in its supplemental notice that it elects to forego introducing the co-defendant statements at a joint trial.

## IV.     Motion in Limine

McHatton filed a Motion in Limine seeking to preclude Moss's ACC deposition and hearing testimony (Doc. 212), because Magistrate Judge Markovich noted in the R&R on the Motions to Sever that arguments regarding the inadmissibility of Moss's ACC testimony were the proper subject of a motion in limine rather than a motion to sever. (Doc. 205 at 7 n.2 and 8 n.3.) In the Motion in Limine, McHatton argues, pursuant to *Crawford*, that Moss's ACC deposition and trial testimony is inadmissible against McHatton because it is testimonial and McHatton did not have a prior opportunity for cross-examination. (Doc. 212 at 2-5.) McHatton further argues that the testimony is not admissible under Federal Rule of Evidence 804(b)(1). (*Id.* at 3.) The Government responds that redaction based on a *Bruton* analysis satisfies Confrontation Clause concerns and meets the requirements of *Crawford*. (Doc. 222.)

In *Crawford*, the Supreme Court held that the Confrontation Clause is concerned only with testimonial out-of-court statements; therefore, "*Bruton*'s rule now applies only to testimonial out-of-court codefendant statements." *Lucero*, 902 F.3d at 987-88. Accordingly, whether the out-of-court co-defendant statements at issue in this case are testimonial is relevant to whether the statements raise *Bruton* concerns. Furthermore, if McHatton "had a prior opportunity to cross-examine" Moss during the ACC deposition and trial proceedings, then Moss's ACC deposition and trial testimony would be

admissible against McHatton under *Crawford*, without the need for a *Bruton* analysis. *See Crawford*, 541 U.S. at 59. Accordingly, the Court finds that the arguments raised in McHatton's Motion in Limine were properly raised in his Motion to Sever.

As discussed above, the co-defendant statements at issue are testimonial and the Government has not shown that the non-confessing Defendants had a prior opportunity for cross-examination. Moss's ACC deposition and trial testimony is therefore inadmissible against McHatton unless it can be sufficiently redacted pursuant to *Bruton* in order to eliminate Confrontation Clause concerns. Accordingly, the Court will take McHatton's Motion in Limine under advisement pending the filing of the supplemental notice discussed above.

**IT IS ORDERED** that Magistrate Judge Eric J. Markovich's Report and Recommendations (Docs. 205, 218) are **partially accepted and partially rejected**, as discussed above.

**IT IS FURTHER ORDERED** that Defendants McHatton and Sproat's Motions to Sever (Docs. 152, 154), Defendant Moss's Motion to Preclude (Doc. 193), and Defendant McHatton's Motion in Limine (Doc. 212) are **taken under advisement**.

**IT IS FURTHER ORDERED** that, within **fourteen (14) days** of the date this Order is filed, the Government shall file a supplemental notice proposing further redactions of the co-defendant statements at issue or, if the Government believes the redactions required by this Order are not feasible, notifying the Court whether it elects to proceed with a joint trial and forego introducing the co-defendant statements at issue.

Dated this 8th day of February, 2021.

Honorable Rosemary Márquez
United States District Judge